Henderson, Chief-Justice.
 

 The Defendant’s Counsel admits, that this case does not fail directly within the operation of the act of 1791,
 
 {Rev. ch.
 
 346) entitled “ an act for quieting ancient titles, and limiting the claim of the State.” In making this admission, he is certainly correct j for that act relates exclusively to persons claiming under different titles, derived from the sovereign, and was made to supply the loss of grants and mesne conveyances, substituting for them a possession of twenty-one years, by known and visible boundaries. This, I think, is quite evident, both frbm the preamble and en
 
 *189
 
 actments of the statute. But he alleges, that the statute was read to the iury, and commented on, to show the great weight attached by law to long possessions, under known and visible boundaries, and that by analogy only, the statute had a hearing on the case. Had the statute been left to operate on the case in this manner only, there certainly would be no ground for complaint. But I collect from the charge of the presiding Judge, that he understood the case differently, and so in,sí? (tried the jury. For lie states, that he informed them, that if the line claimed by the Defendant was a known and \isible boundary, up to w hick he had possessed for twenty -one years or more, and there were other known and visible boundaries designating the, land claimed by the Defendant, twenty-one years or more before the commencement of this suit, the act of 1791 would protect the Defendant during the residue of his term, created by the lease to
 
 Coart.
 
 From this charge, I am compelled to understand the Judge as instructing the Jury, not that the long possession up to this line was matter of evidence to he considered by them, as tending to prove the real boundaries of the lease to
 
 Coart,
 
 and liable to be repelled by higher and more satisfactory evidence of that fact, but that the fact of such possession entirely protected the Defendant from the claim and action of the Plaintiff, during the residue of the term; thereby discharging the jury from the real question between the parties, to-wsf, the actual boundaries of the lease, and substituting for it twenty-one year’s possession, under known and visible boundaries, however well satisfied they might be that such boundaries were not those of the leased lands. 1 think this was a misapprehension of the operation of the act of 1791, and that there should be a new trial.
 

 As to the admission of the witness
 
 Russel,
 
 the case in that particular is so imperfectly stated, that no opinion can be formed thereon. It does not appear, whether he purchased an interest in the lease from the Defendant,
 
 *190
 
 oj> from «01 up other person. If he purchase^ from the former, he was clearly
 
 inadmissible;
 
 for
 
 Wen
 
 the Defendant partieipated in (fie act, giving him an interest. If he purchased from a stranger, according to the modern rule, he is admissible.
 

 Per Curiam. — Let the judgment below be'reversed* and a new trial granted.